# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION
# CASE NO: 8:18-CR-22-T-33TBM

**UNITED STATES OF AMERICA**

**VS.**

**MANUEL DEJESUS SANCHEZ REYES**
_____/

## SENTENCING MEMORANDUM

COME NOW, the Defendant, MANUEL DEJESUS SANCHEZ REYES, by and through his undersigned counsel, hereby files this his Sentencing Memorandum.

## Factual Background and Procedural History

Mr. Manuel Dejesus Sanchez Reyes was charged by Indictment and pled guilty to Count One to the offense of Conspiracy to Possess With Intent to Distribute Five Kilograms or More of Cocaine While on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§70503 (a); 70506 (a) and (b) and Title 21 U.S.C.S. 960(b)(1)(B)ii. Factually, Mr. Sanchez Reyes is a 31 year-old Hispanic male born in Oaxaca, Mexico. He was born into a very poor family. His father worked in the fields until his death from prostate cancer. His mother took care of the home and their 7 children. Many times they

went without food or proper clothing. Because of their financial situation he had to quite school in the 6th grade to help support the family working as a field laborer earning $11 a day.

While it is never a justification or excuse to break the law, it is nevertheless understandable how Mr. Sanchez Reyes would agree to this drug deal upon the promise of a mere $2,500.00 (50,000 Mexican pesos).

Mr. Sanchez Reyes has been married to Anna Cortez Garcia for over 12 years. They have 3 children: Miriam, age 12; Emmanuel, age 5; and Jair, age 3. Mr. Sanchez Reyes is most concerned as to how they will survive financially while he is incarcerated in the United States.

Based upon the total amount of drugs involved the United States Probation Officer calculated Mr. Sanchez Reyes' base offense level to be 36 (PSR 7 ¶ 22). With a 2 level safety valve reduction pursuant to U.S.S.G. 2D1.1(b)(17) (PSR 7 ¶ 23), a 2 level reduction for acceptance of responsibility pursuant to U.S.S.G. 3E1.1 (a) and a one (1) level reduction for timely notification of intent to plead guilty pursuant to U.S.S.G. 3E1.1 they calculated his total offense level to be 31. PSR 8 ¶ 31 and PSR 11 ¶ 57. This calls for a recommended guideline sentence of 108 to 135 months imprisonment. However, because of the minimum mandatory the guideline range is 120 to 135 months (PSR 11 ¶57).

**Request for a mitigating role adjustment pursuant to U.S.S.G. §3B1.2**

In the PSR, the United States Probation Officer fails to identify any factors warranting a departure from the guidelines. PSR ¶ 71 and 72. Mr. Sanchez Reyes, however, submits that he is eligible mitigating role adjustment, pursuant to U.S.S.G. § 3B1.2, which provides:

> Based on the defendant's role in the offense, decrease the offense level as follows: (a) If the defendant was a minimal participant in any criminal activity decrease by 4 levels. (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels. In cases falling between (a) and (b), decrease by 3 levels.

We believe he qualifies as minor participant, i.e., characteristic of a defendant "who is less culpable than most other participants in the criminal activity." § 3B.1.2 cmt. App. N. 5. It is respectfully pointed out that his eligibility for a mitigating role adjustment has been clarified by recent actions of the U.S. Sentencing Commission, in amending § 3B1.2.

Before 2002, when Amendment 640 was issued, amending U.S.S.G. § 3B1.2., the Sentencing Commission has been concerned that "the guidelines pertaining to drug offenses do not satisfactorily reflect the culpability of certain offenders… [The] base offense levels derived from the Drug Quality Table in § 2D1.1 overstate the culpability of certain drug offenders who meet the criteria for a mitigating role adjustment under § 3B1.2." U.S.S.G. Amendment 640. For

this reason, the Commission modified the Drug Quantity Table in §2D1.1 "to provide a maximum base offense level of level 30 if the defendant receives an adjustment under § 3B1.2," commenting:

> The maximum base offense level somewhat limits the sentencing impact of drug quantity for offenders who perform relatively low level trafficking functions, have little authority in the drug trafficking organization, and have a lower degree of individual culpability (e.g., "mules" or "couriers" whose most serious trafficking function is transporting drugs and who quality for a mitigating role adjustment).U.S.S.G. Amendment 640.
>
> Therefore if…."(A) the defendant received an adjustment under §3B1.2 (Mitigating Role); and (B) the base offense level under subsection (c) is (i) level 32, decrease by 2 levels; (ii) level 34 or level 36, decrease by 3 levels; or (iii) level 38, decrease by 4 levels. If the resulting offense level is greater than level 32 and the defendant receives the 4-level ("minimal participant") reduction in §3B1.2(a), decrease to level 32." 2D1.1(a)(5).

**<u>Distinguishing co-defendants' roles</u>**

It is important to recognize the distinction between Mr. Sanchez Reyes and his co-defendants. Mr. Silva was hired as the captain of this go-fast vessel. He was in charge of the vessel. He was paid 150,000 pesos to smuggle the drugs. He was provided the GPS, satellite phone and radios. He recruited his friends (co-defendants) Cabrea Reyes and Nicanor Pacheco to assist him in smuggling the cocaine. Their payment of 100,000 pesos was double the promised payment to Mr. Sanchez Reyes of 50,000 pesos. These people then set off with the explicit

understanding that they would be transporting cocaine. These individuals loaded so much cocaine on their vessel that their go-fast vessel capsized.

In contrast to the aforementioned Mr. Sanchez Reyes was paid 50,000 pesos ($2,500). He was initially informed that he was being hired to go fishing then as a rescue mission and only later did he learn the rescue mission was to save the co-defendants and retrieve their contraband.

**<u>Current state of §3B1.2, amended on November 1, 2015</u>**

Since issuing Amendment 640 in 2002, the Commission has continued to be concerned about the improper under-application of the mitigating role adjustment. Recently, in a wide-ranging study of low-level offenders, the Commission concluded that the adjustment continues to be applied "inconsistently and *more sparingly than the Commission intended.*" U.S.S.G. Amendment 794 (emphasis supplied). Largely to encourage application of the adjustment to greater numbers of low-level offenders, the Commission issued Amendment 794, effective November 1, 2015.

The most important change to the guideline under Amendment 794 was the addition of "a non-exhaustive list of factors for the court to consider in determining whether to apply a mitigating role adjustment and, if so, the extent of the adjustment." U.S.S.G. Amendment 794. All five of the listed factors have implications for Mr. Sanchez Reyes:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity;

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2 App. N.3 (C).

**Factors (i)-(iv): understanding, planning, authority, discretion**

The criteria in factors (i) through (iv) focus on the defendant's understanding, planning/organizing function, decision-making authority, responsibility and discretion. Mr. Sanchez Reyes exercised none of these attributes. He was simply recruited for a rescue mission. Rescuing the major players and the drugs. Mr. Sanchez Reyes had no clue as to the scope or structure of the criminal activity. He was not involved in acquiring drugs, arranging for their distribution, or scheduling the times and places for their movement. With respect to decision-making authority, responsibility, and discretion, these were simply not part of the job. He was simply hired to rescue the others and their load.

In short, Mr. Sanchez Reyes' role was "perform[ing] a limited function in the criminal activity." U.S.S.G. §3B1.2 App.N. 3(A). As the Application Note states, "[A] defendant who is convicted of a drug trafficking offense whose participation in that offense was limited to transporting or storing drugs…*may receive an adjustment under this guideline.*" *Id.* (emphasis supplied).

**Factor (v): "benefit" from the crime**

Similarly, indicative of Mr. Sanchez Reyes' minor role is factor (v) of Application Note 3 (C): "the degree to which the defendant stood to benefit from the criminal activity." In exchange for this one and only trip, Mr. Sanchez Reyes was promised a total of $2,500.00. A paltry sum compared to the others. A third of what the captain, Mr. Santiago Silva was paid and half of what Mr. Cabrera Reyes and Mr. Nicanor Pacheco was paid. He was paid the least because his involvement was the least. It was an amount wholly unrelated to the value of the drugs involved. This amount clearly demonstrates his minor role. Said miniscule, non-proprietary "benefit" of this type clearly meets the guideline's requirement for a mitigating role adjustment. As the guideline states, "A defendant who is simply being paid to perform certain tasks *should be considered* for an adjustment under this guideline." U.S.S.G. § 3B1.2 App. N. 3 (C) (emphasis supplied).

**Conduct "integral" or "indispensable" to the offense**

As noted by the Commission in issuing Amendment 794, defendants historically have been improperly denied mitigating role adjustments because their conduct was "integral" (essential, indispensable) to offense. In the Eleventh Circuit, *United States v. Rodriquez De Varon,* 175 F. 3d 930 (11th Cir. 1999) was long cited for this point. In Amendment 794, however, the Commission abrogated *De Varon* and clarified beyond all doubt that the fact that a defendant's role was essential to the offense "does not alter the requirement… that the court must access the defendant's culpability relative to the average participant in the offense." U.S.S.G. Amendment 794. "The fact that a defendant performs an essential or indispensable role in the criminal activity *is not determinative.* Such a defendant *may receive an adjustment under this guideline* if he or she is substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 App. N. 3 (C) (emphasis supplied).

**Drug quantity as a basis for denial of adjustment**

In the past, defendants serving as drug couriers were commonly denied mitigating role adjustments based on the amount of drugs being transported. In *De Varon*, the Eleventh Circuit held that drug quantity "is a material consideration in assessing a defendant's role" in a drug courier case, noting that the guidelines "explicitly recognize that amount of drugs may be determinative in

the context of minimal participants." 175 F. 3d at 943. This analysis, however, was invalidated by Amendment 794, which states that a transporter of drugs- although accountable for the drugs he transported under relevant conduct- "*may receive*" a mitigating role adjustment. U.S.S.G. Amendment 794 (emphasis supplied). It is further instructive that in the list of factors courts are now directed consider, <u>not one of the five factors refers to drug quantity.</u> U.S.S.G. § 3B1.2 App. N. 3 (C). Under the current guidelines, Mr. Sanchez Reyes' may not be denied a mitigating role adjustment on the grounds of drug quantity.

**<u>Culpability compared to the "average participant"</u>**

The fundamental requirement for the minor role adjustment is that, "based on the totality of the circumstances," the defendant's role in the offense "makes him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 App. N. 3 (A). According to the Sentencing Commission's Historical Notes to the 2015 Amendments, "average participant" refers narrowly to the defendant's "co-participants in the case at hand." It is clear that, compared with all other known participants, Mr. Sanchez Reyes was "substantially less culpable" than all other participants. He was not directly connected with the larger drug organization, he had no authority or knowledge of anything. He was simply hired for a rescue mission. Whether compared with all

the participants in the larger drug conspiracy or only with his co-defendants, qualifies for the 2-level minor role adjustment.

In view of Mr. Sanchez Reyes' minor and subordinate role in the conspiracy, and the intent and effect of the Sentencing Commission in issuing Amendments 640 and 794, it is respectfully submitted he is entitled to a 2-level minor role reduction. This would be a total offense level of 26 criminal history category I. This provides for a guideline range of 63 to 78 months with a 10 year minimum mandatory.

## Application of 18 U.S.C. § 3553(a)

Mr. Sanchez Reyes regrets his commission of a serious federal crime and understands the need for punishment. He submits, however, that the nature and circumstances of his offense, his personal history and characteristics, weigh in favor of a sentence significantly less than suggested by the Department of Probation.

## The Purposes of Sentencing

Section 3553(a)(2) sets forth the purposes of sentencing, which can be summarized as:

(1) just punishment;

(2) deterrence;

(3) protection of the public; and

(4) rehabilitation.

**Just Punishment**

Mr. Sanchez Reyes' conduct, in a conspiracy to distribute illegal drugs, was a violation of law and must be justly punished in a way that constitutes appropriate retribution and promotes respect for the law a sixty-three month guideline sentence with includes a 10 year minimum mandatory will demonstrate to him and to other offenders, and to the public that such conduct is reprehensible and heavily punished under the law.

**Deterrence**

As for specific deterrence: Mr. Sanchez Reyes is not among those offenders—if indeed, such exist—for whom crime is an acceptable way of life and for whom reoffending is inevitable. His one time involvement in crime was related directly to his poverty. Sixty-three months of incarceration with the inability to support his family is more than adequate for this purpose. As for general deterrence: By any standard, 63 months in federal prison as part of a 10 year minimum mandatory sentence is severe enough to dissuade others from committing similar crimes.

**Protection of the Public**

Other than this one bad decision Mr. Sanchez Reyes has never been, and is not now, a threat to the safety or wellbeing of the public. This consideration requires no additional period of incarceration.

**Rehabilitation**

Being away from his family and learning a trade while incarcerated will enable Mr. Sanchez Reyes to have a crime free life. Such treatment can be completed with said sentence.

**The Kinds of Sentences Available (and related costs)**

Since in this case only incarceration is available, the cost of this punishment is a relevant consideration. At the rate of $34,770 per year (PSR ¶ 66), any incarceration beyond that which is necessary represents an unjustified expenditure of public funds. Mr. Sanchez Reyes submits that a sentence of 63 months is sufficient to accomplish the goals of sentencing at a justifiable cost.

**CONCLUSION**

For the reasons stated herein, Mr. Sanchez Reyes respectfully asks this Court to impose a guideline sentence of 63 months. Such a sentence is reasonable in light of the advisory guideline range and the factors set forth at 18 U.S.C. § 3553(a).

DATED this 17th day of May, 2018.

                Respectfully submitted,

                /s/William E. Gottfried
                William E. Gottfried, Esquire
                FBN 0477974
                Attorney for Manuel DeJesus Sanchez Reyes

## Certificate of Service

I hereby certify that on **May 17, 2018**, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system was forwarded to all parties of record and to Office of the U.S. Attorney, Middle District of Florida, Tampa Division.

                /s/William E. Gottfried
                William E. Gottfried, Esquire
                FBN 0477974
                Attorney for Manuel Dejesus Sanchez Reyes
                1435 Gulf to Bay Blvd., Suite C
                Clearwater, Florida 33755
                Telephone: (727) 462-5592
                FAX No:   (727) 462-5593
                Email: wgfirm@aol.com